UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM RODMAN,

                Plaintiff,

v.                                Case No. 3:10-cv-735-J-34JBT

WALTER A. MCNEIL, etc.;
et al.,

                Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff William Rodman, who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. In support of his Complaint, Plaintiff submitted numerous exhibits (P. Ex.). Plaintiff names Walter A. McNeil, the Secretary of the Florida Department of Corrections; J. Aviles, the Chief Health Officer; and Mrs. N. Jeffcoat, the Assistant Warden at Union Correctional Institution, as the Defendants. Plaintiff claims that the Defendants have denied him medical care for his head injury in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Rodman acknowledges that Dr. Aviles visually examined his head injury on May 4, 2010, but alleges that the Defendants should refer him to a specialist and transport him to a nearby hospital for appropriate treatment.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act, which requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d at 1349.

In the Complaint and the attached exhibits, Plaintiff presents the following facts. On March 30, 2010, Rodman accessed sick call for complaints about back pain and also requested that medical personnel examine the knot on his head, P. Ex. 2. He was referred to a doctor on April 26, 2010, primarily for back complaints since that was Rodman's primary focus at that time. Id. Prior to that April 26, 2010 appointment, however, Rodman was transferred to Florida State Prison. Id. Upon his return, Rodman was seen by the doctor in the Chronic Illness Clinic on May 4, 2010. Id. At that appointment, Dr. Aviles examined the knot on Rodman's head. Complaint at 9(c). Rodman saw a doctor again on May 24, 2010, but did not complain about any injury or pain to his head. P. Ex. 1. On July 12, 2010, in response to a grievance, Defendant Jeffcoat notified Rodman that his medical records reflected that the issue concerning the "knot on [his] head" has been addressed. P. Ex. 17. Rodman was next seen on July 28, 2010, for an inmate declared medical emergency, but after a total assessment, staff determined the condition was not of an emergency nature, and Rodman was educated on how to access sick call for routine matters. P. Ex. 4. Within the past two months, the Department has responded to Rodman's grievances concerning the knot on his head, in pertinent part, as follows:

> Review of your medical record indicates you have been appropriately seen, assessed, evaluated, and treated. Since 10-15-09 you have presented only one time regarding any

> headache and that was on 03-09-10. Your last sick call was on 05-14-10 and not related. If you have further concerns you have the option of accessing sick call. It will remain your current institutional physician who will decide all courses of treatment.
>
> . . . .
>
> Review of your medical record back to 04-30-10 does not indicate any doctor's notes that you were going to be referred to Lake Butler for Surgery. You have the option of taking your medical concerns through sick call. If a concern is not resolved after 3 sick calls, you will be referred to a medical practitioner in accordance with policy. It will remain your current institutional physician who will decide all courses of treatment including whether or not you are to be referred to surgery.

P. Ex. 18, dated July 18, 2010; P. Ex. 20, dated August 6, 2010.

The exhibits submitted by Plaintiff in support of his Complaint reflect that the medical department has timely provided for Plaintiff's medical needs. Further, the medical staff has educated Rodman on how to access sick call for routine matters. Therefore, if Plaintiff has any medical concerns, he should utilize the sick call request procedures and specifically state his medical complaint. Once given a sick call appointment, Rodman should be forthcoming about any medical complaints or health-related issues, so that the medical personnel, nurse and/or doctor can attend to his needs.

In reviewing Plaintiff's Complaint, the initial inquiry must focus on whether the two essential elements to a § 1983 action are

present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Houston v. Williams, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983). Regardless of whether Plaintiff satisfies the first element, the absence of allegations of a constitutional deprivation or a violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under § 1983.

A prisoner can state a claim for violation of the Eighth Amendment by showing "deliberate indifference" to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, "[d]eliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). The exhibits reflect that Rodman has received adequate and timely treatment for his medical needs. Further, the Department has timely and adequately responded to his grievances.

Only "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" can offend the "'evolving standards of decency' in violation of the Eighth Amendment". Estelle v. Gamble, 429 U.S. 97, 106 (1976) (footnote omitted). Inadvertence or mere negligence in failing to provide

adequate medical care does not rise to the level of a constitutional violation. <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003). Recently, the United States Court of Appeals for the Eleventh Circuit stated:

> For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). A medical need may be considered serious if a delay in treating it makes it worse. <u>Danley v. Allen</u>, 540 F.3d 1298, 1310 (11th Cir. 2008). To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and internal quotations omitted).

<u>Palazon v. Sec'y for the Dep't of Corr.</u>, 361 Fed.Appx. 88, 89 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter).

Here, Plaintiff's allegations center upon what he views to be inadequate treatment. Simply, Plaintiff is dissatisfied with the protocol of the medical department, particularly the fact that he cannot choose his own course of treatment: transportation to a nearby hospital and referral to a specialist. Based on the exhibits, it appears Plaintiff would prefer to forgo the repeated sick call visits and the accompanying assessed fee and pursue a

treatment plan at an outside facility under the care of a specialist. Such allegations are insufficient to sustain an Eighth Amendment violation.

Indeed, a mere difference of medical opinion between the prison's medical staff and the inmate about the latter's course of treatment will not support a claim of cruel and unusual punishment. Lepper v. Nguyen, 368 Fed.Appx 35, 39 (11th Cir. 2010) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter); Harris v. Thigpen, 941 F.2d 1495, 1507 (11th Cir. 1991). Whether the Defendants should have used additional diagnostic techniques or forms of treatment "is a classic example of a matter of medical judgment" and therefore "not an appropriate basis for grounding liability under the Eighth Amendment." Ciccone v. Sapp, 238 Fed.Appx. 487, 489 (11th Cir. 2007) (quotations omitted) (not selected for publication in the Federal Reporter), cert. denied, 552 U.S. 1111 (2008). Moreover, even if Plaintiff's treatment were to be considered less than adequate or medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle, 429 U.S. at 106). This Court is convinced that Plaintiff has little or no chance of success on a claim of constitutional deprivation, and this case should be dismissed as frivolous.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE as frivolous**.

2. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of August, 2010.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 8/31
c:
William Rodman